Richard E. Gillespie
Daniel J. Whyte
KELLER, REYNOLDS, DRAKE,
 JOHNSON & GILLESPIE, P.C.
50 South Last Chance Gulch
P.O. Box 598
Helena, MT 59624-0598
Telephone:  (406) 442-0230
Fax:  (406) 449-2256
E-mail:  regillespie@kellerlawmt.com
         djwhyte@kellerlawmt.com

ATTORNEYS for DR. BRADFORD L. FRANK, D.D.S.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DALE ROUDEBUSH, NATASHA WIKSTROM, and LENNA WHITMORE, <br><br> Plaintiffs, <br><br> -vs- <br><br> DR. BRADFORD L. FRANK, D.D.S., <br><br> Defendant. | Cause No. CV-07-68-GF-RKS <br><br> Hon. Keith Strong <br><br><br><br><br><br><br><br> **NOTICE OF REMOVAL** |

* * * * * * *

COMES NOW Dr. Bradford L. Frank, D.D.S., by and through his attorneys, pursuant to

*28 U.S.C. §1332(a)(1)*, *§1367(a)*, *§1391(a)(2)*, *§1441*, and *§1446(a)* and *(b)*, and files this *Notice

of Removal* of Cause No. CDV 06-1082 in the Montana Eighth Judicial District Court, Cascade

County, to the United States District Court for the District of Montana, Great Falls Division.

The grounds for removal are:

1. On August 1, 2006, the Plaintiffs "commenced" their action against Dr. Bradford

L. Frank, D.D.S., by filing their *Complaint and Jury Demand* in Cause No. CDV 06-1082,

entitled *Dale Roudebush, Natasha Wikstrom, and Lenna Whitmore*, Plaintiffs, vs. *Dr. Bradford L. Frank, D.D.S.*, Defendant, in the Montana Eighth Judicial District Court, Cascade County. *M.R.Civ.P. 3*. Venue is proper pursuant to *M.C.A. §25-2-122* and *28 U.S.C. §1391(a)* in that the *Complaint* alleges Dr. Frank was negligent in his care and treatment of the Plaintiffs at his offices in Cascade County, Montana, and that Dr. Frank maliciously altered or destroyed the dental records about the care and treatment of the Plaintiffs.  Each Plaintiff prays for recovery of special, general, and punitive damages.

2. On April 17, 2007, Dr Frank mailed his *Answer and Demand for Jury Trial* to the *Complaint and Jury Demand* served upon him with the *Summons* issued on April 2, 2007.

3. Dr. Frank must satisfy pertinent *28 U.S.C. §1332(a)* criteria before this case can be removed from the State Court to this United States District Court:

> ***28 U.S.C. §1332.  Diversity of citizenship; amount in controversy; costs***. (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
> (1)  citizens of different States;
>
> * * *

4. "Existence of diversity jurisdiction is determined by the citizenship of the parties at the time of the filing of the complaint, not at the time the cause of action arose or after the action is commenced." *Mann v. City of Tucson, Department of Police*, 782 F.2d 790, 794 (9th Cir. 1986), *citing*, *Smith v. Sperling,* 354 U.S. 91, 93 n. 1, 77 S.Ct. 1112, 1113 n. 1, 1 L.Ed.2d 1205 (1957).

5. On information from the Plaintiffs saying they were residents of Montana and based upon their allegation years later about being residents of Montana in paragraph 1 of their *Complaint and Jury Demand*, Dr. Frank believes each Plaintiff was a citizen of the United States

and of Montana when they commenced their action on August 1, 2006.  Dr. Frank is asking each Plaintiff to confirm the United States and the State of Montana, or a state other than the State of Washington, as his or her Nation and State of citizenship when they commenced their action.  A motion for leave to serve discovery requests limited to jurisdictional issues will be filed if any of the Plaintiffs won't agree he or she was a citizen of Montana or a State other than the State of Washington when the action was commenced.

6. On August 1, 2006, when the Plaintiffs commenced their action, Dr. Frank was a citizen of the United States and was a citizen of the State of Washington, being domiciled there with the intent for the State of Washington to be his permanent home and where he has remained as a duly licensed and practicing dentist.  *See* the *Affidavit of Dr. Bradford L. Frank, D.D.S.*, submitted with this *Notice of Removal* as Exhibit 1.

7. Pursuant to *M.C.A. §25-4-312*, Dr. Frank requested and, on May 22, 2007, received statements of claims from the Plaintiffs through which it has been learned that none of the Plaintiffs knew the full nature and extent of the punitive damages each wants to recover, saying that the jury will assess the amount of punitive damages to award.  As for special and general damages, however, Ms. Whitmore said in her statement of claim that she wants to recover $21,000; Ms. Wikstrom wants $39,826; and Mr. Roudebush claims $72,027.

8. Aggregation is permissible in meeting the amount-in-controversy requirement in cases where "... a single plaintiff seeks to aggregate two or more of his own claims against a single defendant ...."  *Gibson v. Chrysler Corporation*, 261 F.3d 927, 943 (9th Cir. 2001), *quoting*, *Snyder v. Harris*, 394 U.S. 332, 335, 89 S.Ct. 1053, 1053, 22 L.Ed.2d 319 (1969).

9. "It is well established that punitive damages are a part of the amount in controversy in a civil action."  *Gibson,* 261 F.3d at 945*, citing, Bell v. Preferred Life Assurance*

*Society,* 320 U.S. 238, 240, 64 S.Ct. 5, 6, 88 L.Ed. 15 (1943).  The potential range of punitive damages should be considered for purposes of determining the amount-in-controversy even though the Plaintiffs have not specified a numerical amount of punitive damages they want a jury to assess.  *Gibson,* 261 F.3d at 946*, citing, Bell,* 320 U.S. at 240-43, 64 S.Ct. at 6-7.

       10.     *M.C.A. §27-1-220(3)* prohibits punitive damage awards in excess of "... $10 million or 3% of a defendant's net worth, whichever is less."  In his affidavit submitted herewith, Dr. Frank has affirmed under oath that he has a net worth in excess of $100,000.  Just before referring to a 4-to-1 ratio for punitive damage awards in *State Farm Mutual Automobile Insurance Company v. Campbell,* 538 U.S. 408, 425, 123 S.Ct. 1513, 1524, 155 L.Ed.2d 585 (2003), the Supreme Court said, "Our jurisprudence and the principles it has now established demonstrate, however, that, in practice, few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process."  Using a 4-to-1 ration of punitive to compensatory damages claimed, Mr. Roudebush's punitive claim, if properly proved, might justify an award of more than $3,000 for him.  *Bell*, 320 U.S. at 240-41, 64 S.Ct. 6.  Therefore, should a jury believe an award of punitive damages is appropriate, even within the restrictions of *M.C.A. §27-1-220(3)* and the *Campbell* ratio, a potential punitive damages award of $3,000 or more might be justified for Mr. Roudebush.  *Id*.  The $75,000 amount-in-controversy threshold is passed by aggregating his potential punitive damages claim with his anticipation of recovering $72,027 on his compensatory damages claims.

       11.     This United States District Court has *28 U.S.C. §1367(a)* supplemental jurisdiction over the claims of Ms. Wikstrom and Ms. Whitmore:

> ... where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, [28 U.S.C.] §1367 authorizes supplemental jurisdiction over the claims of other

plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction.

*Exxon Mobil Corporation v. Allapattah Services, Inc.*, 545 U.S. 546, 549, 125 S.Ct. 2611, 2615, 162 L.Ed.2d 502 (2005).

12. *28 U.S.C. §1446(a)* and *(b)* furnish the procedure for removal in this case:

> **28 U.S.C. §1446. Procedure for removal**. (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to *Rule 11* of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section *1332* of this title more than 1 year after commencement of the action.

13. This action was not removable when the initial pleading was served in April 2007 due to the *M.C.A. §25-4-311* prohibition against any allegations about the amount in controversy. On May 22, 2007, Dr. Frank received the statements of claims from the Plaintiffs through which Dr. Frank learned about the amounts in controversy for the first time. On the date below, Dr. Frank is timely filing this *Notice of Removal*, in compliance with the procedural requirements of *28 U.S.C. §1446(a)* and *(b)*, within one year of the commencement of the action in State Court and within thirty (30) days after receipt by Dr. Frank of a pleading from which he could first

ascertain an amount-in-controversy sufficient for meeting the $75,000 threshold requirement and, therefore, making this case one which became removable. *Gibson*, 261 F.3d at 931-32.

14. Dr. Frank has filed a copy of this *Notice of Removal*, with a copy of the *Affidavit of Dr. Bradford L. Frank, D.D.S.*, in the Montana Eighth Judicial District Court, Cascade County, action. A *Request for Transmittal of File to United States District Court* has also been filed simultaneously in the Montana Eighth Judicial District Court, Cascade County, with this *Notice of Removal*.

15. Dr. Frank has given notice of this removal to the parties by mailing a copy of this *Notice of Removal*, with a copy of the *Affidavit of Dr. Bradford L. Frank, D.D.S.*, to the attorneys of record for the Plaintiffs in the Montana Eighth Judicial District Court, Cascade County, action.

16. This *Notice of Removal* is signed pursuant to *Fed.R.Civ.P. 11*.

WHEREFORE, Dr. Bradford L. Frank, D.D.S., gives notice that this action is removed to the United States District Court for the District of Montana, Great Falls Division.

DATED, June 19, 2007.

                                                    KELLER, REYNOLDS, DRAKE,
                                                      JOHNSON & GILLESPIE, P.C.

                                                    __/s/ Richard E. Gillespie__
                                                    Richard E. Gillespie
                                                    Attorney for Dr. Frank

### CERTIFICATE OF SERVICE

I, Richard E. Gillespie, one of the attorneys for Dr. Bradford L. Frank, D.D.S., hereby certify that on June 19, 2007, a true and correct copy of this **NOTICE OF REMOVAL**, with a copy of the **AFFIDAVIT OF DR. BRADFORD L. FRANK, D.D.S.** was served on these persons by the following means:

| ____1____ | CM/ECF |
| _____ | Hand Delivery |
| __2, 3, 4__ | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | Email |

1. Clerk, U.S. District Court

2. Mr. Lawrence A. Anderson, Esq.  
   #18 6th Street North  
   P.O. Box 2608  
   Great Falls, MT 59403-2608

3. Ms. Elizabeth A. Best, Esq.  
   425 3rd Street North  
   P.O. Box 2114  
   Great Falls, MT 59403-2114

4. Clerk of District Court  
   Eighth Judicial District  
   415 2nd Avenue, North  
   Great Falls, MT 59401

          __/s/ Richard E. Gillespie__  
          Richard E. Gillespie  
          Attorney for Dr. Frank